IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IAN OWEN SHARPE, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| vs. | )   CIVIL NO. 10-069-GPM |
| | ) |
| USP MARION UNIT TEAM, *et al.*, | ) |
| | ) |
|       Defendants. | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Ian Owen Sharpe, an inmate in USP-Marion, brings this action for alleged violations of his constitutional rights by persons acting under the color of federal authority. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971); 28 U.S.C. § 1331. However, the relief that Sharpe seeks – restoration of good conduct credit – is not available in a civil rights action. Rather, he should have filed this action pursuant to 28 U.S.C. § 2241. Therefore, the Court now construes this action as a habeas corpus petition filed under § 2241.

This case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that Sharpe is not entitled to relief,

and the petition must be dismissed.

### FACTS ALLEGED

Sharpe states that when he arrived at Marion in February 2009, he discovered that the cover of his mattress was torn. He mentioned it to the unit officer, who told him that they were short on mattresses. Not long afterwards, Sharpe received a disciplinary ticket for destruction of government property, due to the damage to his mattress. Sharpe protested, asserting that the mattress was damaged before he arrived and that the unit officer had failed to make a note in the log book. Despite his protestations, Sharpe was found guilty. He lost 27 days of good conduct credit, as well as an unspecified sentence in segregation. Sharpe now seeks restoration of his good conduct credit or, alternatively, a transfer to an institution in Washington state.

### DISCUSSION

Under 18 U.S.C. § 4161, a federal prisoner has the right to have his sentence reduced for good conduct in prison. This right is a protected liberty interest, and any deprivation must comport with due process requirements. *Waletski v. Keohane*, 13 F.3d 1079, 1080-81 (7th Cir. 1994). A habeas action pursuant to 28 U.S.C. § 2241 is available to raise due process claims based on the forfeiture of good time credits. *Id.*

The Supreme Court has held that "[w]here a prison disciplinary hearing may result in the loss of good time credits, ... the inmate must receive: (1) advance written notice of the disciplinary charges; (2) an opportunity ... to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." *Superintendent, Mass. Correctional Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974). Sharpe makes no allegation that he was denied

any of these procedural protections. Instead, Sharpe merely alleges that he did not damage the mattress and contends that it is unfair for him to suffer a punishment because an officer failed to note the damaged mattress in the log.

In *Superintendent v. Hill*, 472 U.S. 445, 455 (1985), the Court held that due process is not violated if "some evidence" supports a prison disciplinary board's revocation of statutory good time credits. The Court explained the "some evidence" standard as follows:

> Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.

*Id.* at 455-56 (emphasis added). In *Hill*, the Court approved the discipline of an inmate for assault, even though it characterized the evidence implicating the inmate as "meager." *Id.* at 457.

As detailed in the complaint and the attached exhibits, it is clear that "some evidence" exists in the record to support the finding of guilt. Thus, Sharpe was not deprived of his constitutional right to procedural due process in this situation, even though the outcome may not seem fair to him. In summary, this action does not survive review under Rule 4. This action is **DISMISSED with prejudice,** and all pending motions are found **MOOT**.

**IT IS SO ORDERED.**

DATED: 08/31/10

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge